**ZHONG HAN TANG, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent.**

No. 05–6826–ag.

United States Court of Appeals, Second Circuit.

Oct. 25, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Yan Wang, New York, NY, for Petitioner.

Catherine L. Hanaway, United States Attorney, Eastern District of Missouri, Su-zanne J. Moore, Assistant United States Attorney, St. Louis, MO, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Zhong Han Tang, a native and citizen of China, seeks review of a November 28, 2005 order of the BIA affirming the August 4, 2004 decision of Immigration Judge ("IJ") Michael Rocco denying Tang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tang*, No. A 76 506 209 (B.I.A. Nov. 28, 2005), *aff'g* No. A 76 506 209 (Immig. Ct. Buffalo Aug. 4, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007).

Substantial evidence supports the BIA's affirmance of the IJ's adverse credibility determination, which was based on a demeanor finding and inconsistencies in Tang's testimony and documents. First, the IJ found that Tang was "visibly surprised and shaken" when he was questioned about discrepancies in his testimony, and we accord particular deference to the trier of fact's assessment of demeanor.

*See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005).

Second, the IJ noted that while Tang testified that his wife had a second IUD inserted in October 2000, both his affidavit and his wife's letter indicate that his wife was in hiding at that time. While minor inconsistencies related to dates need not be fatal, *see Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000), this discrepancy calls into doubt a material element of Tang's claim: that the government continues to have an interest in persecuting him. *See* 8 U.S.C. § 1101(a)(42). Nor did the IJ err in rejecting Tang's explanations—that he "heard the question wrong" and "remember[ed] the time wrong"—because no reasonable factfinder would be compelled to credit them. *See Majidi,* 430 F.3d at 80–81. Indeed, the fact that Tang gave such explanations belies his argument before this Court that the IJ did not give him an adequate opportunity to explain the discrepancy.

Third, the IJ properly drew an adverse inference based on the discrepancy between Tang's testimony that he and his wife shared a home after their marriage and the fact that Tang's documentary evidence contains a number of different addresses for his wife, none of which match his. Because this discrepancy calls into question whether Tang was married at all, much less to a woman who was forcibly aborted, it plainly involved a material element of his claim. *See* 8 U.S.C. § 1101(a)(42); *cf. Diallo,* 232 F.3d at 288. Moreover, Tang's explanation regarding the multiple addresses would not compel a reasonable factfinder to credit it. *See Majidi,* 430 F.3d at 80–81.

We do note that the IJ's finding regarding Tang's failure to submit certain "checkup certificates" was arguably too ancillary to Tang's claim to support an adverse credibility determination, *see Diallo,* 232 F.3d at 288, but given the other material inconsistencies, we can confidently predict that the agency would reach the same decision on remand absent the erroneous finding. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006).

Because the only evidence that Tang's life or freedom would be threatened or that he was likely to be persecuted or tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on all of his claims where each rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DENIED as moot. Petitioner's pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).